**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

NATIONWIDE MUTUAL INSURANCE COMPANY PLAINTIFF

V. CIVIL ACTION NO. 3:06CV172 HTW-LRA

PANTHER CREEK CONSTRUCTION CO., INC., A MISSISSIPPI GENERAL CORPORATION; MARK S. JORDAN, INDIVIDUALLY AND AS PRESIDENT AND DIRECTOR OF PANTHER CREEK CONSTRUCTION CO.,INC., SECRETARY OF GOOD EARTH REALTY, INC., PRESIDENT AND DIRECTOR OF LAKE CAROLINE, INC.; RICHARD WAYNE PARKER, INDIVIDUALLY AND AS VICE PRESIDENT, TREASURER, AND DIRECTOR OF PANTHER CREEK CONSTRUCTION CO.,INC., VICE PRESIDENT, TREASURER AND DIRECTOR OF LAKE CAROLINE, INC.; JOHN M. LOUIS, INDIVIDUALLY AND AS SECRETARY AND DIRECTOR OF PANTHER CREEK CONSTRUCTION CO., INC., SECRETARY AND DIRECTOR OF PANTHER CREEK CONSTRUCTION CO. INC., SECRETARY AND DIRECTOR OF LAKE CAROLINE, INC.; ZEITA TUPPA PARKER, INDIVIDUALLY AND AS DIRECTOR OF LAKE CAROLINE, INC; MARK F. EVANS, INDIVIDUALLY AND AS VICE PRESIDENT OF DEVELOPMENT OF PANTHER CREEK CONSTRUCTION CO., INC.; TODD SEYMOUR, AS CONSTRUCTION MANAGER AND/OR CONSTRUCTION SUPERINTENDENT OF PANTHER CREEK CONSTRUCTION CO., INC.; MARK S. JORDAN, DOING BUSINESS AS PANTHER CREEK HOMES; GOOD EARTH REALTY, INC., A MISSISSIPPI GENERAL CORPORATION; DEE DENTON, INDIVIDUALLY AND PRESIDENT OF GOOD EARTH REALTY, INC.; MARK S. JORDAN, INDIVIDUALLY AND SECRETARY OF GOOD EARTH REALTY, INC.; STEPHANIE GRANTHAM (DUKES), INDIVIDUALLY AND AS AGENT FOR GOOD EARTH REALTY, INC.; LAKE CAROLINE, INC.; KENNETH R. LUCAS AND DONNA LUCAS DEFENDANTS

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Before this court is the plaintiff's motion for judgment on the pleadings, or alternatively, for summary judgment pursuant to Rule 56 (a) and (c) of the Federal Rules of Civil Procedure.[1] The plaintiff Nationwide Mutual Insurance Company

---

[1]Rule 56(a) of the Federal Rules of Civil Procedure provides that, "[a] party seeking to recover upon a claim, counterclaim, crossclaim or to obtain a declaratory judgment may, at any

("Nationwide Mutual") filed the instant complaint for declaratory relief under the auspices of Title 28 U.S.C. § 2201.[2]

By its complaint, Nationwide Mutual petitions this court to hold that it is not obligated under its commercial general liability ("CGL") insurance policy with the defendants, its insureds, to defend the defendants in a state court lawsuit where the insureds have been sued over alleged negligence, breach of contract, breach of covenant of good faith, breach of implied warranty to perform work in a good and workmanlike manner, bad faith, etc. This court's jurisdiction over this matter is founded on diversity of citizenship, as granted by Title 28 U.S.C. § 1332.[3]

**Facts and Procedural Background**

The State Court Complaint

The controversy in the instant case centers around a lawsuit filed by Kenneth R.

---

time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof."

Rule 56 (c) of the Federal Rules of Civil Procedure provides in pertinent part: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[2]Title 28 U.S.C. § 2201(a) provides that, "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes . . . upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

[3]The plaintiff is an Ohio corporation authorized to do business in the State of Mississippi and the defendants are all corporate or individual citizens of the State of Mississippi. Title 28 U.S.C. § 1332 titled "Diversity of citizenship, etc.," subsection (a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; . . ."

Lucas and Donna J. Lucas against Panther Creek Construction Co. Inc., et. al. ("Panther Creek defendants"), in the Circuit Court of Madison County, Mississippi. According to the Lucases' complaint, the couple entered into a contract with the Panther Creek defendants to build a home on Lot 4, Links of Lake Caroline, Phase One subdivision in Madison, Mississippi. This home was new and the Lucases were the first and only occupants of the subject property.

The Lucases contend that shortly after moving into the residence, several problems began to appear including, but not limited to cracks in the outside brick wall, water entering the garage area, water entering the home, flooring damage, cracks in stucco, leaking windows including water and air leaks, standing and/or trapped water in the yard not draining, etc. The Lucases aver these problems arose because the defendants failed to raise the foundation to an appropriate grade level. Moreover, the Lucases allege that defendants made misrepresentations that the lot had "spectacular golf course and water views." After moving into the home, the Lucases learned of the existence of plans to develop the golf course into residential properties which ultimately blocked the Lucases' scenic views. The Lucases allegedly gave the defendants and their agents verbal and written notice of the defects, but the problems continued, developing into additional damages.

The Lucases filed the state court lawsuit on January 12, 2006, in the Circuit Court of Madison County, Mississippi, urging the claims of negligence, breach of contract of good faith and fair dealing, fraud, negligent misrepresentation, breach of statutory obligation to make good faith disclosures, intentional/negligent infliction of emotional distress, negligent construction, breach of implied warranty to perform work

in a good and workmanlike manner, bad faith, punitive damages, attorney's fees and extra contractual damages and special damages. The Lucases are seeking damages in the amount of $750,000.00 for costs and repair, loss of value to residence, out-of-pocket expenses, attorney's fees, and other special damages. The Panther Creek defendants have called upon the plaintiff in the instant case, Nationwide Mutual, to defend the defendants in the state court action. Nationwide Mutual filed this instant complaint for declaratory relief arguing it has no obligation to provide a defense under the facts of this case.

## **Analysis**

1. Standard of Review

Summary judgment is appropriate only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). This court first "consults the applicable law to ascertain the material factual issues." *F.D.I.C. v. Firemen's Ins. Co. of Newark, NJ*, 109 F.3d 1084, 1087 (5th Cir.1997). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett,* 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (l986). In

determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id.*

2. Applicable Law

The court is Erie-bound to look to state law for rules governing contract interpretation.[4] Under Mississippi law, an insurance policy is a contract subject to the general rules of contract interpretation. *Clark v. State Farm Mut. Auto. Ins. Co.*, 725 So.2d 779, 781 (Miss.1998). The rules of contract interpretation in Mississippi are well settled. Under Mississippi law, the object of contract interpretation is to ascertain the common intent of the parties. Id.

An insurer's duty to defend "is broader than the insurer's duty to indemnify under its policy of insurance; the insurer has a duty to defend when any basis for *potential* liability exists under the policy." *Titan Indemnity Company v. Pope,* 876 So.2d 1096, 1101 (Miss. 2004). "Any basis for potential liability" is a rather low threshold for triggering a duty to defend. *Id.*

"Mississippi has adopted the 'allegations of the complaint' rule (sometimes referred to as the eight-corners test) to determine whether an insurer has a duty to defend," pursuant to which the court reviews the allegations in the underlying complaint to see whether it states a claim that is within, or arguably within, the scope of the coverage provided by the insurance policy. *Ingalls Shipbuilding v. Federal Ins. Co.,* 410

[4]Pursuant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the applicable substantive law for this dispute it taken from the forum in which the federal court sits, the law of the State of Mississippi. *Rittenhouse v. Mabry*, 832 F.2d 1380, 1382 (5th Cir.1987); *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir.1983).

F.3d 214, 225 (5th Cir. 2005). In so doing, the court compares the words of the complaint with the words of the policy, looking "not to the particular legal theories" pursued by the plaintiffs, "but to the allegedly tortious conduct underlying" the suit. *Id.* (citations omitted). *See also United States Fidelity & Guarn. Co. v. Omnibank,* 812 So.2d 196, 200 (Miss. 2002). If the complaint alleges facts which are arguably within the policy's coverage, a duty to defend arises. *Acceptance Ins. Co. v. Powe Timber Co.*, *Inc.*, 403 F.Supp.2d 552, *554 (S.D. Miss. 2005).

Having reviewed the contract of insurance, the state court complaint, and the applicable law, this court finds that Nationwide Mutual is entitled to summary judgment. This court has applied the law of the State of Mississippi. The court's reasoning is set out below.

**The Policies**

Nationwide Mutual issued to the defendants in the underlying action the following policies: Policy No. 63 PR 265-974-3001; Policy No. 63 PR 257-881-3003. Both policies contain a commercial general liability coverage form which has three coverages: Coverage A - Bodily Injury and Property Damage Liability, Coverage B - Personal and Advertising Injury Liability, and Coverage C - Medical Payments. In addition, both policies have exclusions under each coverage and defined terms. Coverage A - Bodily Injury and Property Damage Liability provides in pertinent part:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or to "property damage" to

which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . ."

Coverage B - Personal and Advertising Injury Liability provides:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may at our discretion, investigate any offense and settle any claim or "suit" that may result. . . ."

**Nationwide Mutual's Argument**

Nationwide Mutual argues that it is not under an obligation to provide a defense under the policies in question. Nationwide Mutual claims the defendants' liability exposure is due to faulty construction of the home which resulted in damage to the home. Moreover, Nationwide Mutual claims that the policy does not provide a defense for the consequences of intentional conduct, even when the actual injury suffered was accidental or unintended by the insured. Nationwide Mutual alleges that because the

defendants intended to build the home, their actions do not constitute an "occurrence" and are considered intentional, thus excluding coverage.

**Panther Creek Defendants' Argument**

Defendants maintain that the allegations of the complaint, as pled by the Lucases, sufficiently pleads physical damage to the subject property and resulting loss of use of that property in order to bring it within the definition of "property damage." The defendants do not concede that their grading was the cause of the damage to the property at issue. Instead, the defendants assert a landscaping company hired by the Lucases caused the draining problems at issue; and that "any problem caused independently by the Lucases would clearly not be consciously devised and controlled by [d]efendants and would fall within the definition of accident," and would thus be covered under the policy as an occurrence. Moreover, the defendants assert that the Lucases did not complain of any damage as a result of flooding until after the Lucases had already purchased the property.

**A. Negligent and Intentional Misrepresentation and Fraud Claims Are Pecuniary In Nature And Not Covered By Liability Insurance**

The underlying complaint in the instant case charges the Panther Creek defendants with negligently misrepresenting material facts and faulty construction of the home. Specifically, the complaint charges that the Panther Creek defendants and its agents "represent[ing] that the house and its foundation were built in accordance with plans and specifications and was generally manufactured in a workmanlike manner and with high quality." In addition, the Lucases contend the defendants represented that the house was "free of any water and/or drainage problems." Defendants assert that all of

the flooding damage occurred after any alleged misrepresentation. Defendants maintain that the allegations of the complaint, as pled by the Lucases, sufficiently pleads physical damage to the subject property resulting in a loss of use of the property and within the definition of "property damage."

In response, Nationwide Mutual relies on upon *Shelter v. Brown*, 345 F.Supp.2d 645 (S.D. Miss. 2004). In Brown, the underlying lawsuit involved the buyer of a home with foundation problems, who alleged that the seller intentionally or negligently had failed to disclose the defective condition of the foundation of the home. This court reasoned that the damage to the home was caused by a failed foundation, and was purely economic in nature. This court looked to the liability policy in question and the law, and found that the alleged damages were pecuniary in nature and not property damage within the meaning of that policy.

Nationwide Mutual also relies on *State Farm Fire and Casualty Company v. Brewer*, 914 F.Supp. 140 (S.D. Miss.1996). In Brewer, the underlying lawsuit involved the buyer of a home with termite damage who alleged that the sellers negligently had represented that the home was free of termite damage. The court reasoned that the damage to the home was caused by termites, not by any misrepresentations, and that the only damage flowing from the misrepresentations were economic. The court looked to the liability policy in question, noting that while the policy covered property damage, property damage was not caused by any negligent misrepresentation. The court stated, in accordance with the great weight of authority from other jurisdictions, that the "only cognizable damages from such torts are economic and contractual in nature and as such do not fall within the coverage afforded by liability insurance policies. *Id*. at 142.

**B. Policy Definition of "Occurrence" is Not Satisfied**

The allegations of the underlying state court complaint do not satisfy the policy definition of an "occurrence." Part b. of the insuring agreement of Coverage A provides in pertinent part:

> b. This insurance applies to "bodily injury" or "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in "coverage territory" . . .

In the definitions section, the policy explains that "occurrence" means "an accident, including continuous or repeated exposure to substantially the same harmful conditions."

According to Mississippi law, there is no "occurrence" under policies which define "occurrence" as an "accident" if the harm for which recovery is sought from the insured resulted from an insured's intentional or deliberate actions, even if the insured did not intend such harm. It is further settled under Mississippi law that an insurer's duty to defend under a general commercial liability policy for injuries caused by accidents does not extend "to injuries unintended by the insured but which resulted from intentional actions of the insured" even if those actions were not intentionally tortious but rather only negligent. If the acts themselves were not accidental, even if they may have been negligent, then there is no "occurrence." *See United States Fidelity & Guarn. Co. v. Omnibank,* 812 So.2d 196, 197 (Miss.2002) (holding that "an insurer's duty to defend under a general commercial liability policy does not extend to negligent actions that are intentionally caused by the insured," or, stated another way, that "even if an insured acts in a negligent manner, that action must still be accidental and unintended in order

to implicate policy coverage"); *see also ACS Const. Co., Inc. of Mississippi v. CGU,* 332 F.3d 885, 890 (5th Cir.2003) (holding there was no coverage for claims in underlying suit that contractor had been negligent in installation of waterproofing membrane to the roofs of munitions bunkers as a result of which they leaked, because "even though the installation of the membrane was done negligently, the action of installing the membrane was not accidental nor unintended to implicate coverage under the policy"); *Allstate Ins. Co. v. Moulton,* 464 So.2d 507, 510 (Miss.1985) (holding that in determining whether there had been an occurrence, "[t]he only relevant consideration is whether, according to the declaration, the chain of events leading to the injuries complained of were set in motion and followed a course consciously devised and controlled by [the insured] without the unexpected intervention of any third person or extrinsic force"). *Acceptance Ins. Co. v. Powe Timber Co., Inc*. 403 F.Supp.2d 552, 555 (S.D.Miss.2005). According to the contract, the insurance policy does not apply to: Bodily injury or property damage expected or intended from the standpoint of the insured. Thus, under the plain terms of the contract, "property damage" must be caused by "an occurrence" which is defined as an "accident" in order to trigger coverage.

## **<u>Conclusion</u>**

Ample evidence here persuades this court that the actions of the Panther Creek defendants were intentional. The defendants have presented no facts that indicate that their actions were an "occurrence," or excluded by the intentional acts exclusions or any other coverage issue. This court bases its decision on the factual allegations of the

original state court complaint; the same allegations in which Nationwide Mutual looks to determine its duty. Therefore, inasmuch as the Lucases' claims are based on the defendants' intentional conduct, this court finds that Nationwide Mutual has no duty to provide a defense on behalf of the Panther Creek defendants, even if their operations resulted in damages which were not intended. The motion for summary judgment is granted and the above styled and numbered cause is dismissed.

**SO ORDERED, this the 30th day of March, 2008.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-172 HTW-LRA
Order Granting Motion for Summary Judgment